**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JEROLD LEE JONES,**

      **Petitioner,**

**v.**                         **Case No. 3:17cv414-LC/CAS**

**STATE OF FLORIDA,**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On July 21, 2017, Petitioner, Jerold Lee Jones, a prisoner in the custody of the Florida Department of Corrections, proceeding pro se under the mailbox rule, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 4. On May 30, 2018, Respondent filed an answer and exhibits. ECF No. 18. Although Petitioner was given leave to file a reply, *see* ECF No. 17, he did not do so.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov.

§ 2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

### Background and Procedural History

On February 22, 2012, Petitioner was charged by Information filed in Walton County Florida with two counts of sexual battery on a person over age 12 but under age 18 by a person in familial or custodial authority.  Ex. A at 9.[1]  The Information alleged that on or about December 31, 2011, and January 13, 2012, Petitioner violated section 794.011(8)(b), Florida Statutes, by penetrating the fifteen-year-old victim's mouth, vagina, and/or anus with his penis.  *Id.*

Petitioner entered into a plea agreement in exchange for a 16.9-year prison sentence.  Ex. A at 16-22.  A plea hearing was held on July 19, 2012, at which the court accepted the plea of no contest and sentenced Petitioner to 16.9 years in prison.  Ex. B.  The judgment and sentence, however, contained a scrivener's error indicating a sentence of 16.9 months.  Ex. A at 38-55.  An amended judgment and sentence was entered on August 13, 2012, correcting the sentence to 16.9 years in prison.  Ex. A

---

[1] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits A through CC submitted in conjunction with Respondent's answer.  *See* ECF No. 18.

at 56-57.  Petitioner was also classified as a sexual predator.  Ex. A at 31-32.  No appeal was taken.  Ex. C at 3.

On October 1, 2012, Petitioner filed a petition for belated appeal in the First District Court of Appeal.  Ex. D.  After a relinquishment, the district court granted a belated appeal from the judgment and sentence on April 3, 2013.  Ex. F.  Jones v. State, 110 So. 3d 527 (Fla. 1st DCA 2013) (mem). The Public Defender was appointed and filed an Anders[2] brief citing no potential issues.  Ex. H.  Petitioner filed a pro se letter brief with the court arguing that he has mental health issues and at the time of his arrest was receiving SSI benefits for mental problems.  Ex. I.  The district court affirmed per curiam without opinion on December 30, 2013, and the mandate was issued January 27, 2014.  Exs. J, K.  Jones v. State, 129 So. 3d 1072 (Fla. 1st DCA 2013) (table).

On April 18, 2014, Petitioner filed a pro se motion for post-conviction relief and memorandum under Florida Rule of Criminal Procedure 3.850. Ex. L at 1-50.  The motion was stricken, and Petitioner filed an amended motion on August 7, 2014.  Ex. L at 51, 82-123.  The motion was again stricken and, on June 24, 2015, Petitioner filed a second amended motion

---

[2] Anders v. California, 386 U.S. 738 (1967).

for post-conviction relief.[3]  Ex. L at 128-169.  The motion was summarily denied by order entered on April 1, 2016.  Ex. L at 170-324.

Petitioner filed a notice of appeal on May 9, 2016.  Ex. L at 325.  The notice did not have a prison mail stamp on it and did not state a date of placing the document in the hands of the prison.  Petitioner asked the court to accept his notice as timely filed and alleged in a letter that accompanied the notice that he did not receive a copy of the April 1, 2016, order denying post-conviction relief until April 21, 2016, and that he only received it then because he contacted the clerk's office and inquired about the status of the order.  Ex. L at 327-28.  The district court ordered Petitioner to file an amended notice with an original signature, Ex. M, and to show cause within ten days from May 11, 2016, why the appeal should not be dismissed as untimely.  Ex. O.  Petitioner filed an amended notice of appeal on May 20, 2016.  Ex. N.

In response to the order to show cause, an assistant public defender filed a response on May 26, 2016, indicating his office was not appointed to prepare the response until May 24, 2016, and stating in the response that

---

[3] The claims raised in the second amended motion for post-conviction relief were: (1) ineffective assistance of counsel (IAC) for failing to investigate matters pertaining to the victim's sister; (2) IAC for failing to investigate the medical examination report and to obtain a second opinion; (3) IAC for failing to investigate and obtain records of Petitioner's history of mental impairments; (4) IAC for failing to request a PSI report; and (5) IAC for failing to move for suppression of evidence.  Ex. L at 128-52.

"[t]he Office of the Public Defender, First Judicial Circuit, concurs with the Court's assessment that the Appellant's Notice of Appeal is not timely filed and should be dismissed." Ex. P. On May 20, 2016, Petitioner filed his own response to the order to show cause, explaining again that he did not receive a copy of the order denying post-conviction relief until April 25, 2016, after he inquired.[4] Ex. Q. The district court of appeal dismissed the appeal as untimely on June 6, 2016, and the mandate was issued on June 22, 2016. Exs. R, S. Jones v. State, 191 So. 3d 465 (Fla. 1st DCA 2016) (table).

On May 20, 2016, Petitioner also filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) alleging scoresheet error in scoring victim injury points for penetration and in designating Petitioner a sexual predator. Ex. T. The motion was denied on August 1, 2016, and no appeal was taken. Ex. C. at 1. Petitioner's August 15, 2016, motion to clarify the order denying post-conviction relief, Ex. V, was denied as unnecessary on September 7, 2016. Ex. W. No appeal was taken.

---

[4] Petitioner alleged in his earlier letter to the court that he received a copy of the order on April 21, 2016. See Ex. L at 327.

On September 8, 2017, Petitioner filed a motion titled "Motion to Correct Illegal Sentence" alleging that when his counsel was negotiating his plea, counsel was under criminal investigation of which Petitioner was not informed by counsel or law enforcement.  Ex. X.  The trial court entered an order on October 5, 2017, treating the motion as a Rule 3.850 motion and striking it with leave to amend.  Ex. Y.  On December 1, 2017, Petitioner filed a motion for post-conviction relief raising this same issue.  Ex. Z.  That motion was stricken on January 22, 2018, with leave to amend.  Ex. AA. On March 2, 2018, Petitioner filed an amended Rule 3.850 motion, Ex. BB, which was summarily denied on April 13, 2018, as being untimely under the provisions of Rule 3.850 relating to newly discovered evidence.  Ex. CC.

On July 21, 2017, before he filed the December 1, 2017, Rule 3.850 motion, Petitioner filed his petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 raising the following grounds for relief:

> (1) Trial counsel rendered ineffective assistance in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights by not properly preparing for trial and not properly investigating information given to him about the victim's older sister and her father.  ECF No. 4 at 7.

> (2) Trial counsel rendered ineffective assistance by failing to properly investigate medical reports proving no penetration occurred.  ECF No. 4 at 9.

> (3) Trial counsel rendered ineffective assistance by failing to ask for a hearing on Petitioner's mental health.  ECF No. 4 at 12.

(4)  Trial counsel rendered ineffective assistance by failing to request a Presentence Investigation Report for sentencing as required by the Florida Rules of Criminal Procedure.  ECF No. 4 at 14.

(5)  Trial counsel rendered ineffective assistance by failing to move to suppress evidence of an unlawful search, which violated Petitioner's Fourth Amendment rights, and by misadvising Petitioner that because the evidence would be used at trial, he should accept the plea deal.  ECF No. 4 at 16.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody only under certain

specified circumstances.  Section 2254(d) provides in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181

(2011); <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1287 (11th Cir. 2011).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413 (O'Connor, J., concurring).

The Supreme Court has explained that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 102 (2011). The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 102-03 (citation omitted).  The federal court employs a " 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' "  Pinholster, 563 U.S. at 181 (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b).  The Petitioner must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law claim."  Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)).  In order for remedies to be exhausted, "the petitioner must have given the state courts a 'meaningful opportunity' to address his federal claim."  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).  Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 275 (1971); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The State must have been provided the " 'opportunity to pass upon and correct' alleged violations of its prisoners'

federal rights." Henry, 513 U.S. at 365) (quoting Picard, 404 U.S. at 275 (citation omitted)).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845; see also Picard, 404 U.S. at 275 ("If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution,' it is not sufficient merely that the federal habeas applicant has been through the state courts." (citation omitted)).

In regard to claims of ineffectiveness of trial counsel, the Petitioner must have presented those claims in state court " 'such that a reasonable reader would understand each claim's particular legal basis and factual foundation.' " Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007) (citing McNair, 416 F.3d at 1302).

In order to obtain review where a claim is unexhausted and, thus, procedurally defaulted, the Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).  In order to demonstrate cause, Petitioner must show that an "external impediment, whether it be

governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." Alderman v. Zant, 22 F.3d 1541, 1551 (1994) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)); *see also* McCleskey v. Zant, 499 U.S. 467, 497 (1991) (emphasizing that the external impediment must have prevented the petitioner from raising the claim). A federal court may grant a habeas petition on a procedurally defaulted claim without a showing of cause or prejudice if necessary to correct a fundamental miscarriage of justice. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). In order to satisfy the miscarriage of justice exception, the Petitioner must show that a constitutional violation has occurred that "probably resulted in a conviction of one who is actually innocent"—that it is more likely than not that no reasonable juror would have convicted him—which is a stronger showing than is necessary to establish prejudice. *See* Schlup v. Delo, 513 U.S. 298, 327 (1995). This standard "thus ensures that petitioner's case is truly 'extraordinary.' " *Id.* (citing McCleskey, 499 U.S. at 494). Such a case is "extremely rare." Schlup, 513 U.S. at 324.

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 563 U.S. at 181. The state court's factual findings are entitled to a presumption of

correctness and to rebut that presumption, the Petitioner must show by clear and convincing evidence that the state court determinations are not fairly supported by the record.  *See* 28 U.S.C. § 2254(e)(1).  However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  *See also* Swarthout v. Cooke, 562 U.S. 216, 222 (2011) ("[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982))).

Further, under § 2254(d), federal courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."  Marshall v. Lonberger, 459 U.S. 422, 434 (1983).  "Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review."  Consalvo v. Sec'y, Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011).  Credibility and demeanor of a witness are considered to be questions of fact entitled to a presumption of correctness under the AEDPA

and the Petitioner has the burden to overcome the presumption by clear

and convincing evidence. *Id.* at 845.

For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient. This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second,
> the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate

deficient performance, a "defendant must show that counsel's performance

fell below an objective standard of reasonableness." *Id.* at 688. Counsel is

"strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment."

Burt v. Titlow, 134 S. Ct. 10, 17 (2013) (quoting Strickland, 466 U.S. at

690). Federal courts are to afford "both the state court and the defense

attorney the benefit of the doubt." *Id.* at 13. The reasonableness of

counsel's conduct must be viewed as of the time of counsel's conduct. *See*

Maryland v. Kulbicki, 136 S. Ct. 2, 4 (2015) (citing Strickland, 466 U.S. at

690).

To demonstrate prejudice under Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Mirzayance, 556 U.S. at 123. It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." *Id.* Both deficiency and prejudice must be shown to demonstrate a violation of the Sixth Amendment. Thus, the court need not address both prongs if the petitioner fails to prove one of the prongs. Strickland, 466 U.S. at 697.

### Ground 1: Failure to Investigate Sister's Accusations

Petitioner contends that trial counsel rendered ineffective assistance in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights by

not properly preparing for trial and not properly investigating information given to him about the victim's older sister. ECF No. 4 at 7. He argues that he told his trial counsel about the victim's sister's similar accusations against her father in order to get him out of the house, but counsel failed to investigate them. *Id.* He argues that if counsel had investigated, he could have made a proper defense for Petitioner instead of telling Petitioner he had no defenses and faced life in prison if he did not enter a plea. *Id.*

Petitioner raised this claim in his second amended motion for post-conviction relief. Ex. L at 133. The post-conviction court denied the claim, concluding that Petitioner failed to explain how an investigation into the older sister's accusations against her father, or her accounts alleged to be inconsistent with the victim's, would have established a defense to the charges against Petitioner. Ex. L at 173. The court concluded that prejudice has not been shown in that Petitioner has not demonstrated a reasonable probability that he would not have entered a plea based on evidence concerning the sister and the allegedly "inconsistent stories." *Id.* at 173-74.

Respondent contends that the Ground 1 is unexhausted and thus procedurally defaulted because Petitioner failed to timely appeal the denial of post-conviction relief. ECF No. 18 at 24-25. Respondent points out that

the notice of appeal filed by Petitioner did not have a Department of

Corrections date stamp to show when it was delivered to the prison for

mailing,[5] and that the date of filing stamped on the document by the trial

court clerk is May 9, 2016—more than 30 days after the deadline for

appealing the April 1, 2016, order denying relief.[6]  *Id.*  Further, Respondent

points out that Petitioner acknowledged in a letter accompanying the notice

of appeal that the notice was not timely but provided his reason and his

request to deem it timely.  ECF No. 18 at 28.  The First District Court of

Appeal elicited a response to an order to show cause why the appeal

should not be denied as untimely, but ultimately dismissed the appeal.

Ex. R.

As noted earlier, to be exhausted, "the petitioner must have given the

state courts a 'meaningful opportunity' to address his federal claim."

Preston, 785 F.3d at 457 (quoting McNair, 416 F.3d at 1302).  The claim

must be fairly presented in "each appropriate state court" in order to alert

---

[5] During the pertinent time frame, Florida Rule of Appellate Procedure 9.420(a)(2) provided that if the institution has a system for handling legal mail that provides a way to record when the document was given to institution officials, the prisoner must use that system in order to receive the benefit of the "mailbox rule."  Rule 33-210.102(8)(g), Florida Administrative Code, provided a system for handling legal mail in Florida correctional institutions.

[6] Florida Rule of Appellate Procedure 9.110 provides in pertinent part that jurisdiction of the appellate court shall be invoked by filing a notice and filing fee, if any, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.

the state courts to the federal nature of the claim.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  *See also* Henry, 513 U.S. at 365; O'Sullivan, 526 U.S. at 845; Picard, 404 U.S. at 275.  The State must have been provided the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Henry, 513 U.S. at 365 (quoting Picard, 404 U.S. at 275).

Because Petitioner failed to obtain a ruling on this claim from the State First District Court of Appeal, he has not given each appropriate state court the opportunity to pass on the constitutional claim.  Moreover, he has failed to allege any basis for excusing the procedural default.  Regardless of any default, the claim is without merit and should be denied.  Denial of Petitioner's unexhausted § 2254 claim on the merits is proper and specifically anticipated by 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the state."  The Court is not required to dismiss such claims to allow Petitioner to return to state court in an attempt to exhaust "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [thus] we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Snowden, 135 F.3d at 736

(citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  *See also*

Thompson v. Sec'y for Dep't of Corr.*,* 517 F.3d 1279, 1283-84 (11th Cir.

2008) (holding that the Court may deny an unexhausted claim pursuant to

§ 2254(b)(2)); Gilbert v. Sec'y, Dept. of Corr., 447 F. App'x 60, 60 (11th Cir.

2011) (unpublished) (citing Snowden, 135 F.3d at 736).

　　　"For federal habeas purposes, a nolo contendere plea is treated the

same as a guilty plea."  *See* North Carolina v. Alford, 400 U.S. 25, 35-37

(1970); Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (noting that, under

Florida law, "a plea of nolo contendere is equivalent to a plea of guilty").  "If

a prisoner pleads guilty on the advice of counsel, he must demonstrate that

the advice was not 'within the range of competence demanded of attorneys

in criminal cases.' "  Tollett v. Henderson, 411 U.S. 258, 266 (1973)

(quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).  *See also*

Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A knowing

and voluntary guilty plea waives all constitutional challenges to a

conviction.").  A defendant who enters a plea may not raise claims relating

to alleged deprivations of constitutional rights that occurred prior to entry of

the plea, but rather such a defendant may only attack the voluntariness of

the plea by showing counsel's advice fell below the McMann standard:

> [A] guilty plea represents a break in the chain of events which
> has preceded it in the criminal process.  When a criminal

> defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in <u>McMann</u>.

<u>Tollett</u>, 411 U.S. at 267. The U.S. Supreme Court has further explained:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

<u>United States v. Broce</u>, 488 U.S. 563, 569 (1989).

Petitioner has not demonstrated that trial counsel was deficient in failing to investigate the sister's accusations against her father because he has not alleged facts showing that such accusations would have impeached or invalidated the victim's accusations against him. Thus, counsel's advice, as alleged by Petitioner, that the plea offer presented a better chance of avoiding life in prison has not been shown to have rendered his plea involuntary and unintelligently made. Further, Petitioner has failed to allege facts demonstrating a reasonable probability that but for counsel's failure to investigate, he would not have entered the plea and

would have gone to trial on charges that carried a possible life sentence. *See* § 794.011(8)(b), Fla. Stat. (2011).

For all these reasons, notwithstanding the failure to exhaust this claim, Petitioner has failed to demonstrate that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Federal habeas relief on Ground 1 should be denied.

## Ground 2: Failure to Investigate Medical Reports

Petitioner next contends that trial counsel rendered ineffective assistance by failing to properly investigate medical reports proving that no penetration occurred. ECF No. 4 at 9. He argues that if counsel had made the investigation and learned that medical reports showed a normal vaginal examination of the victim, Petitioner would have gone to trial rather than enter a plea. *Id.* at 10. He raised a version of this claim in his second amended motion for post-conviction relief, Ex. L at 137-40, where he argued that trial counsel should have sought a second medical opinion concerning the pediatrician's recommendation of law enforcement

involvement even though the physical examination of the victim was normal. *Id.* at 138. The post-conviction court denied the claim, concluding that counsel was not required to seek a second opinion and his performance was not deficient for failing to investigate information that was already contained in the examination report. Ex. L at 173. The court also concluded that no prejudice was shown because Petitioner failed to demonstrate a reasonable probability that he would not have entered his plea—and would have insisted on trial—if a further investigation of the examination results had been done. *Id.*

Respondent contends that the claim is unexhausted and thus procedurally defaulted due to Petitioner's failure to present it for adjudication in each appropriate state court. ECF No. 18 at 32. Regardless of the procedural default, the claim is without merit and should be denied. Petitioner has failed to allege facts that show counsel could have obtained information, or a second opinion, that would have proven no penetration of the minor victim. He makes only a conclusory allegation that a "normal" examination without evidence of physical trauma is proof of no penetration and that if counsel further pursued medical information he would not have recommended a plea and Petitioner would have gone to trial. This conclusory allegation ignores the reports of the victim to the child

abuse examiner, which she no doubt would have repeated to a jury, that Petitioner penetrated her vaginally and anally with his penis on more than one occasion. *See* Ex. L at 156. Evidence of physical trauma is not required to prove that penetration occurred. *See, e.g.*, Marr v. State, 494 So. 2d 1139, 1141 (Fla. 1986) (noting settled Florida law that no corroborative evidence is required in a "rape" case when the victim can testify to the crime and identify her assailant). Thus, counsel has not been shown to have fallen below the standard required for investigation or misadvised Petitioner in any way that rendered his plea involuntary or unintelligently made.

Notwithstanding the failure to exhaust this ground, Petitioner has not demonstrated that federal habeas relief under § 2254 is warranted and Ground 2 should be denied.

### Ground 3: Failure to ask for a hearing on mental health

Petitioner contends that trial counsel rendered ineffective assistance by failing to ask for a hearing on Petitioner's mental health. ECF No. 4 at 12. He argues that he told his counsel about having been civilly committed in Oklahoma between 1998 and 2002 for mental health problems, and that if counsel had investigated, he would have had grounds to seek a mental health hearing rather than urging Petitioner to enter a plea. *Id.* at 12-13.

This claim was raised in his second amended motion for post-conviction relief.  Ex. L at 140.

Petitioner argued in the post-conviction court that his counsel should have known he had mental problems based on his pattern of speech and manner, and that his counsel "coached" him in what to say at the plea hearing.  *Id.* at 141-42.  He alleged that "[c]ounsel had the defendant examined by a jail psychologist, who merely asked him a few simple questions and determined that he did not need to be seen by any psychiatrist."  *Id.* at 142.  He further alleged that counsel "definitely believed there may be an issue with competency" and that was why he had the jail psychologist see him.  *Id.* at 143.

The post-conviction court summarily denied the claim, concluding that the allegations were too vague and incomplete to demonstrate deficient performance.  Ex. L at 177-78.  The court also found his allegations of deficient performance internally inconsistent because Petitioner also alleged that counsel had him examined by the jail psychologist.  *Id.* at 178.

As to prejudice, the court concluded that the facts alleged did not meet the prejudice prong of Strickland in that having mental health issues ten years before the offense does not create immediate and legitimate

doubt about the Petitioner's mental problems at the time of the offense or trial. *Id.* at 178.

Respondent contends this ground is also unexhausted and procedurally defaulted because Petitioner did not perfect an appeal to the state First District Court of Appeal and, thus, has not presented the federal claim to each appropriate state court for adjudication. Even though the claim is unexhausted, it is without merit and should be denied. In the written plea agreement, Petitioner acknowledged in pertinent part that he can read and write, that he had never been declared incompetent or insane, and that the plea was voluntary and done with his understanding of the rights he was giving up. Ex. A at 17-18. He conceded in his post-conviction motion that his counsel did have him examined and the expert recommended that he did not need any further mental examination. Petitioner provided no facts to show that he continued to have mental impairments or issues that would have affected his ability to understand the proceedings and assist his counsel, other than his allegation that he required the aid of inmate law clerks. Ex. L at 141. The post-conviction court found that this allegation does not explain how the "aid . . . of inmate law clerks" was required for him to be "fully able to consult with his attorney." *Id.* at 178 (quoting motion).

As the post-conviction court also noted, "[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Ex. L at 176-77 (quoting Card v. Singletary, 981 F.2d 481, 487-99 (11th Cir. 1992). Petitioner entered a plea. He has not demonstrated that his counsel's "advice was not 'within the range of competence demanded of attorneys in criminal cases.' " Tollett v. Henderson, 411 U.S. 258, 266 (1973) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Counsel had Petitioner examined and had no reason to question his current ability to understand the proceedings and assist counsel, or to make an informed voluntary decision whether to enter a plea. Thus, Petitioner has not met the first prong of Strickland to show counsel's performance was deficient. For this reason, notwithstanding the failure to exhaust, he has not shown that the adjudication of the State court was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court or that it was an unreasonable determination of the facts in light of the record. Relief on this ground should be denied.

## <u>Ground 4: Failure to Request Presentence Investigation Report</u>

Petitioner contends in Ground 4 that his trial counsel rendered ineffective assistance by failing to request a Presentence Investigation Report (PSI) for sentencing pursuant to Florida Rule of Criminal Procedure 3.710.  ECF No. 4 at 14.  He argues that if he had known about the PSI, and the fact that it would have provided discussion of his background and prior mental problems, he "could have asked for less time on the plea agreement."  *Id.*  He raised this claim in his second amended motion for post-conviction relief, where he argued that his attorney had no right to waive the PSI and that he did not waive it.  Ex. L at 149.  The state court denied the claim, finding that Petitioner failed to allege facts showing that a PSI would have affected his decision to enter a negotiated plea.  Ex. L at 179.  The court found neither prejudice nor deficiency was shown.  *Id.*

Respondent contends the claim is unexhausted due to Petitioner's failure to present the claim in all appropriate state courts.  Again, regardless of the procedural default, the claim is without merit and should be denied.  Under Florida law, Petitioner's "knowing acceptance" of the negotiated sentence when asked by the trial court at the plea hearing was a waiver of the PSI requirement and preluded the necessity of conducting a presentence investigation.  <u>Williams v. State</u>, 297 So. 2d 67, 69 (Fla. 2d

DCA 1974).  Thus, counsel was not deficient for failing to request a PSI.

Moreover, Petitioner's allegation that if he had been provided a PSI he

could have asked for a shorter negotiated sentence does not meet the

prejudice prong of Strickland.  Petitioner has not shown that, but for

counsel's alleged error, there is a reasonable probability—one sufficient to

undermine confidence in the outcome—that he would have been able to

negotiate a shorter sentence.  *See* Strickland, 466 U.S. at 694.

Petitioner has not demonstrated that his defense counsel rendered

misadvice or made errors concerning the plea agreement that meet the

deficiency and prejudice prongs of Strickland.  Federal habeas relief on

Ground 4 should be denied.

### Ground 5: Failure to Move to Suppress

In his last ground, Petitioner contends that trial counsel rendered

ineffective assistance by failing to move to suppress evidence of an

unlawful search which violated his Fourth Amendment rights and by then

misadvising him that because the evidence would be used at trial, he

should accept the plea deal.  ECF No. 4 at 16-17.  Petitioner raised this

issue in his second amended motion for post-conviction relief, where he

argued that unspecified evidence was taken from a bedroom he shared

with his girlfriend without consent or a warrant.  Ex. L at 150.  The

postconviction court denied the claim, noting that the allegations did not specify a date of the search or the evidence which he contended was illegally obtained.  Ex. L at 179.  The court found that the claim failed to allege facts showing that a search occurred or that it was illegal, which are not established by the conclusory allegations in the claim.  *Id.*  The court concluded that Petitioner failed to allege facts establishing that trial counsel had a valid basis to file a motion to dismiss and was, thus, not deficient.  *Id.*

Respondent contends that the claim is unexhausted and therefore procedurally defaulted because the federal claim was not presented to the appellate court for adjudication.  ECF No. 18 at 37.  Regardless, the claim is without merit and should be denied.  When a petitioner alleges ineffective assistance of counsel in relation to a plea, the two-part test adopted in Strickland governs.  *See* Hill v. Lockhart, 474 U.S. 52, 58 (1985).  "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Strickland, 466 U.S. at 687.  To demonstrate

prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough for [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

Judicial scrutiny in this context is highly deferential. *See*, *e.g.*, United States v. Freixas, 332 F.3d 1314, 1319 (11th Cir. 2003). As noted earlier, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " Mirzayance, 556 U.S. at 123 (quoting Schriro, 550 U.S. at 473 (2007)). The Strickland standard is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." *Id.*

The post-conviction court was correct that the claim fails to allege necessary facts to establish that an illegal search occurred and produced evidence that would have been very prejudicial at trial. Thus, counsel could not be viewed as deficient for failing to move to suppress. Further, Petitioner cannot establish prejudice because, even if counsel had filed a motion to suppress, it cannot be determined from the allegations that a

reasonable probability exists the motion would have been granted, that Petitioner would not have taken the plea deal, and that he "would have insisted on going to trial." *See* Stano v. Dugger, 921 F.2d 1125, 1150 (11th Cir. 1991) (quoting Hill v. Lockhart, 467 U.S. 52, 59 (1985)).

For these reasons, Petitioner has not demonstrated entitlement to federal habeas relief under § 2254. Ground 5 should be denied.

## Conclusion

Based on the foregoing, Petitioner Jerold Lee Jones is not entitled to federal habeas relief. Accordingly, the § 2254 petition (ECF No. 4) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No.4). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 9, 2018.

**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.